UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ANDERSON HOSPITAL                      )
6800 State Route 162                   )
Maryville, IL 62062                    )
                                       )
AUGUSTA MEDICAL CENTER                 )
78 Medical Center Drive                )
Fisherville, VA 22939                  )
                                       ) CASE NO:   1:17-cv-2749_____
BAXTER REGIONAL MEDICAL CENTER         )
624 Hospital Drive                     )
Mountain Home, AR 72653                )
                                       )
BAY PARK COMMUNITY HOSPITAL            )
2801 Bay Park Drive                    )
Oregon, OH 43616                       )
                                       )
BOTSFORD GENERAL HOSPITAL              )
28050 Grand River Avenue               )
Farmington Hills, MI 48336             )
                                       )
BRYAN MEDICAL CENTER                   )
104 West 17th Street                   )
Schuyler, NE 68661                     )
                                       )
CALDWELL MEMORIAL  HOSPITAL            )
321 Mulberry Street, SW                )
Lenoir, NC 28645                       )
                                       )
CARLE FOUNDATION HOSPITAL              )
611 West Park Street                   )
Urbana, IL 61801                       )
                                       )
CLARK MEMORIAL HOSPITAL                )
1220 Missouri Avenue                   )
Jeffersonville, IN 47130               )
                                       )
COMMUNITY HOSPITAL EAST                )
1500 North Ritter Avenue               )
Indianapolis, IN 46219                 )
                                       )
COMMUNITY HOSPITAL NORTH               )
7150 Clearvista Drive                  )
Indianapolis, IN 46256                 )

COMMUNITY HOSPITAL SOUTH                    )
1402 East County Line Road South            )
Indianapolis, IN 46227                      )
                                            )
COPLEY MEMORIAL HOSPITAL                    )
2000 Ogden Avenue                           )
Aurora, IL 60504                            )
                                            )
DEARBORN COUNTY HOSPITAL                    )
600 Wilson Creek Road                       )
Lawrenceburg, IN 47025                      )
                                            )
DEKALB MEMORIAL HOSPITAL                    )
1316 East Seventh St.                       )
Auburn, IN 46706                            )
                                            )
EAST ALABAMA MEDICAL CENTER                 )
2000 Pepperell Parkway                      )
Opoelika, AL 36801                          )
                                            )
ELKHART GENERAL HOSPITAL                    )
600 East Boulevard                          )
Elkhart, IN 46514                           )
                                            )
ESKENAZI HEALTH FKA WISHARD                 )
HEALTH                                      )
1001 West Tenth Street                      )
Indianapolis, IN 46202                      )
                                            )
FAYETTE REGIONAL HEALTH SERVICES            )
1941 Virginia Avenue                        )
Connersville, IN 47331                      )
                                            )
FIRELANDS REGIONAL MEDICAL CENTER           )
1111 Hayes Avenue                           )
Sandusky, OH 44870                          )
                                            )
FLOWER HOSPITAL                             )
5200 Harroun Road                           )
Sylvania, OH 43560                          )
                                            )
FLOYD MEMORIAL HOSPITAL                     )
1850 State Street                           )
New Albany, IN 47150                        )
                                            )
                                            )

2

FLUSHING HOSPITAL MEDICAL CENTER          )
4500 Parsons Boulevard                    )
Flushing, NY 11355                        )
                                          )
FRANCISCAN HEALTH INDIANAPOLIS            )
8111 South Emerson Avenue                 )
Indianapolis, IN 46237                    )
                                          )
FROEDTERT MEMORIAL LUTHERAN               )
HOSPITAL                                  )
9200 West Wisconsin Avenue                )
Milwaukee, WI 53226                       )
                                          )
GASTON MEMORIAL HOSPITAL                  )
2525 Court Drive                          )
Gastonia, NC 28054                        )
                                          )
GOOD SAMARITAN HOSPITAL                   )
520 South Seventh St.                     )
Vincennes, IN 47591                       )
                                          )
GOOD SHEPHERD MEDICAL CENTER              )
700 East Marshall Avenue                  )
Longview, TX 75601                        )
                                          )
GOOD SHEPHERD MEDICAL CENTER              )
MARSHALL                                  )
811 South Washington                      )
Marshall, TX 75670                        )
                                          )
GUNDERSEN LUTHERAN MEDICAL                )
CENTER                                    )
1900 South Avenue                         )
LaCrosse, WI 54601                        )
                                          )
GWINNETT HOSPITAL SYSTEM                  )
1000 Medical Center Boulevard             )
Lawrenceville, GA 30046                   )
                                          )
HANCOCK REGIONAL HOSPITAL                 )
801 North State Street                    )
Greenfield, IN 46140                      )
                                          )
HENRY COUNTY MEMORIAL HOSPITAL            )
1000 North 16th Street                    )
New Castle, IN 47362                      )

HIGH POINT REGIONAL HEALTH SYSTEM    )
601 North Elm Street    )
High Point, NC 27262    )
    )
JACKSON COUNTY SCHNECK MEMORIAL    )
HOSPITAL    )
411 West Tipton St.    )
Seymour, IN 47274    )
    )
JAMAICA HOSPITAL    )
8900 Vanwyck Expressway    )
Jamaica, NY 11418    )
    )
JOHN FITZGIBBON MEMORIAL HOSPITAL    )
2305 South Highway 65    )
Marshall, MO 65340    )
    )
JOHN H. STROGER HOSPITAL    )
1969 West Ogden Avenue    )
Chicago, IL 60612    )
    )
JOHNSON MEMORIAL HOSPITAL    )
1125 West Jefferson St.    )
Franklin, IN 46131    )
    )
KARMANOS CANCER HOSPITAL    )
4100 John R Street    )
Detroit, MI 48201    )
    )
KENT COUNTY MEMORIAL HOSPITAL    )
455 Toll Gate Road    )
Warwick, RI 2886    )
    )
LITTLE COMPANY OF MARY    )
2800 West 95th Street    )
Evergreen Park, IL 60805    )
    )
MAJOR HOSPITAL    )
2451 Intelliplex Drive    )
Shelbyville, IN 46176    )
    )
MARION GENERAL HOSPITAL    )
441 North Wabash Avenue    )
Marion, IN 46952    )
    )
    )

MCLAREN GREATER LANSING                )
401 West Greenlawn                     )
Lansing, MI 48910                      )
                                       )
MCLAREN LAPEER HOSPITAL                )
1375 North Main Street                 )
Lapeer, MI 48446                       )
                                       )
MCLAREN MACOMB                         )
1000 Harrington Boulevard              )
Mount Clemens, MI 48043                )
                                       )
MCLAREN OAKLAND                        )
50 North Perry Street                  )
Pontiac, MI 48342                      )
                                       )
MCLAREN PORT HURON                     )
1221 Pine Grove Avenue                 )
Port Huron, MI 48060                   )
                                       )
MEMORIAL HOSPITAL OF RHODE ISLAND      )
111 Brewster St.                       )
Pawtucket, RI 0                        )
                                       )
MEMORIAL HOSPITAL OF SOUTH BEND        )
615 North Michigan Street              )
South Bend, IN 46601                   )
                                       )
NORTH ARKANSAS RMC                     )
620 North Main                         )
Harrison, AR 72601                     )
                                       )
OAK FOREST HOSPITAL                    )
15900 South Cicero Avenue              )
Oak Forest, IL 60452                   )
                                       )
OHIO VALLEY MEDICAL CENTER             )
2000 Eoff Street                       )
Wheeling, WV 26003                     )
                                       )
PALMETTO EASLEY                        )
200 Fleetwood Drive                    )
Easley, SC 29640                       )
                                       )
                                       )
                                       )

PALMETTO HEALTH BAPTIST COLUMBIA    )
Taylor at Marion Streets    )
Columbia, SC 29220    )
    )
PALMETTO HEALTH EASLEY    )
200 Fleetwood Drive    )
Easley, SC 29640    )
    )
PALMETTO HEALTH RICHLAND    )
5 Richland Medical Park Drive    )
Columbia, SC 29203    )
    )
PARKLAND HEALTH & HOSPITAL SYSTEM    )
5200 Harry Hines Boulevard    )
Dallas, TX 75235    )
    )
PROMEDICA BIXBY HOSPITAL    )
818 Riverside Avenue    )
Adrian, MI 49221    )
    )
PROVIDENT HOSPITAL    )
500 East 51st St.    )
Chicago, IL 60615    )
    )
REID HOSPITAL AND HEALTH SERVICES    )
1100 Reid Parkway    )
Richmond, IN 47374    )
    )
RUSH NORTH SHORE MEDICAL CENTER    )
9600 Gross Point Road    )
Skokie, IL 60076    )
    )
SOUTH SHORE HOSPITAL    )
8012 South Crandon Avenue    )
Chicago, IL 60617    )
    )
ST. FRANCIS HOSPITAL    )
333 Laidley Street    )
Charleston, WV 25301    )
    )
STONEWALL JACKSON MEMORIAL    )
HOSPITAL    )
230 Hospital Plaza    )
Weston, WV 26452    )
    )
    )

THE GOOD SHEPHERD HOSPITAL                    )
700 East Marshall Avenue                      )
Longview, TX 75601                            )
                                              )
THE TOLEDO HOSPITAL                           )
2142 North Cove Boulevard                     )
Toledo, OH 43606                              )
                                              )
THOMAS MEMORIAL HOSPITAL                      )
4605 MacCorkle Avenue Southwest               )
South Charleston, WV 25309                    )
                                              )
UNIVERSITY OF ILLINOIS MEDICAL                )
CENTER                                        )
1740 West Taylor Street                       )
Chicago, IL 60612                             )
                                              )
UNIVERSITY OF IOWA HOSPITALS AND              )
CLINICS                                       )
200 Hawkins Drive                             )
Iowa City, IA 52242                           )
                                              )
UNIVERSITY OF SOUTH ALABAMA                   )
2451 Fillingim Street                         )
Mobile, AL 36617                              )
                                              )
UNIVERSITY OF VIRGINIA MEDICAL                )
CENTER                                        )
1215 Lee St.                                  )
Charlottesville, VA 22908                     )
                                              )
WAYNE MEMORIAL HOSPITAL, INC.                 )
2700 Wayne Memorial Drive                     )
Goldsboro, NC 27534                           )
                                              )
WITHAM HEALTH SERVICES                        )
2605 North Lebanon Street                     )
Lebanon, IN 46052                             )
                                              )
WOMEN & INFANTS HOSPITAL OF RHODE             )
ISLAND                                        )
101 Dudley Street                             )
Providence, RI 2905                           )
                                              )
                                              )
                                              )

WOOSTER COMMUNITY HOSPITAL           )
1761 Beall Avenue                    )
Wooster, OH 44691                    )
                                     )
        Plaintiffs,                  )
                                     )
    vs.                              )
                                     )
ERIC D. HARGAN                       )
Acting Secretary of the United States Department )
of Health and Human Services        )
Room 700-E                           )
200 Independence Avenue, S.W.        )
Washington, D.C. 20201               )
                                     )
        Defendants.                  )


## COMPLAINT FOR JUDICIAL REVIEW AND
## DECLARATORY JUDGMENT UNDER THE MEDICARE ACT

The Plaintiff Hospitals ("Hospitals"), by counsel, for their Complaint against the

Defendant, Secretary of Health and Human Services ("Secretary"), allege and state:

## I.
## Nature of the Action

1.      The Plaintiff Hospitals in this case were not parties to the case of *Allina Health*

*Services v. Sebelius*, 904 F.Supp.2d 75 (D.D.C. 2012), *aff'd* 746 F.3d 1102 (D.C. Cir. 2014), but

the issues presented in the present case are identical to those presented in the *Allina* litigation.

The issue presented in *Allina* was whether Medicare "enrollees in Part C are 'entitled to benefits'

under Part A, such that they should be counted in the Medicare fraction, or whether, if not

regarded as 'entitled to benefits under Part A,' they should instead be included in the Medicaid

fraction" of the Medicare disproportionate share hospital ("DSH") adjustment.  *Id.* At 1105.  In

particular, that case and its appeal addressed the validity of a 2004 rule changing the agency's

interpretation.  *Id.*  The Court of Appeals affirmed the vacatur of that rule, but concluded that the question of how the agency should proceed on remand was not yet presented.  *Id.* at 1111.

2.      Subsequent to the appellate decision in *Allina*, in proceedings before the Secretary, the Secretary limited the application of the *Allina* decisions to only the Plaintiffs in that case and only for the years those Plaintiffs had appealed before the PRRB and the federal courts.  The Plaintiff Hospitals in this case are requesting a court order requiring the Secretary to revise the fractions under appeal for the Hospitals in this action to exclude Part C days from the Medicare fraction as the Secretary did in the *Allina* litigation and to add the Part C days to the Medicaid fraction in accordance with the Secretary's pre-2004 policy.  The Hospitals also request a court order barring the Secretary from applying any policy of including part C days in the Medicare fraction for purposes of calculating Medicare DSH payments for periods prior to October 1, 2013.

**II.**
**Jurisdiction and Venue**

3.      This action arises under the Medicare Act, Title XVIII of the Social Security Act 42 U.S.C. § 1395 et seq., and the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 et seq.

4.      Jurisdiction is proper under 42 U.S.C. § 1395oo(f)(1).

5.      Venue is proper in this judicial district under 42 U.S.C. § 1395oo(f)(1).

**III.**
**Parties**

6.      Each of the Plaintiff Hospitals in this action are contracted participants in the Medicare Program and are eligible for the DSH adjustment to their standard PPS rates, or may

become eligible for the DSH adjustment in the event this case is decided in favor of the Plaintiff Hospitals.

7.      The Defendant is Eric D. Hargan, in his official capacity as Acting Secretary of the United States Department of Health and Human Services ("HHS"), the federal agency that administers the Medicare Program.

8.      The Centers for Medicare and Medicaid Services ("CMS") is a component of HHS with responsibility for the day-to-day operation and administration of the Medicare Program.

## IV.
## Legal Background

**A.      Qualification for Disproportionate Share Hospital Status**

9.      Part A of the Medicare Act covers "inpatient hospital services."  42 U.S.C. § 1395d(a)(1).  Since 1983, the Medicare Program has paid most hospitals for the operating costs of inpatient hospital services under the prospective payment system ("PPS").  42 U.S.C. §§ 1395ww(d)(1)-(5); 42 C.F.R. Part 412.  Under PPS, Medicare pays predetermined, standardized amounts per discharge, subject to certain payment adjustments.  *Id.*  One of the payment adjustments is the Disproportionate Share Hospital ("DSH") payment for hospitals that provide care for a disproportionate share of low income patients ("LIP").  *See* 42 U.S.C. § 1395ww(d)(5)(F); 42 C.F.R. § 412.106.

10.      A hospital that serves a disproportionate share of low-income patients is entitled to an upward percentage adjustment to the standard PPS rates.  *See* 42 U.S.C. § 1395ww(d)(5)(F); *see also* 42 C.F.R. § 412.106.  A hospital may qualify for a DSH adjustment based on its "disproportionate patient percentage."  *See* 42 U.S.C. §§ 1395ww(d)(1)(5)(F)(i)(I) and (d)(5)(F)(v); 42 C.F.R. § 412.106(c)(1).  As a proxy for utilization by low-income patients,

the disproportionate patient percentage determines a hospital's qualification as a DSH, and it also

determines the amount of DSH adjustment.  42 U.S.C. §§ 1395ww(d)(5)(f)(iv) and (vii)-(xiii);

42 C.F.R. § 412.106(d).  The disproportionate patient percentage is defined as the sum of two

fractions expressed as percentages.  42 U.S.C. § 1395ww(d)(5)(F)(vi).

  11.  The first fraction that is used to compute the DSH payment is commonly known

as the "Medicaid fraction."  The statute defines the Medicaid fraction as:

> [T]he fraction (expressed as a percentage), the numerator of which is the number
> of the hospital's patient days for such period which consist of patients who (for
> such days) were eligible for medical assistance under a State plan approved under
> [Title XIX], but who were *not entitled to benefits under part A* of [Title XVIII],
> and the denominator of which is the total number of the hospital's patient days for
> such period.

42 U.S.C. § 1395ww(d)(5)(F)(vi)(II) (emphasis added).  As reflected in the italicized language

above, the numerator of the Medicaid fraction consists of days for patients who were both

eligible for medical assistance under Title XIX, or Medicaid, and "not entitled to benefits under

part A" of Title XVIII, or Medicare.

  12.  The other fraction that is used to compute the DSH payment is the "Medicare

fraction" or "SSI fraction."  The statute defines this fraction as:

> [T]he fraction (expressed as a percentage), the numerator of which is the number
> of such hospital's patient days for such period which were made up of patients
> who (for such days) were *entitled to benefits under part A* of [Title XVIII] and
> were entitled to supplemental security income benefits (excluding any State
> supplementation) under subchapter XVI of this chapter, and the denominator of
> which is the number of such hospital's patient days for such fiscal year which
> were made up of patients who (for such days) were *entitled to benefits under part
> A* of [Title XVIII]…

42 U.S.C. §§ 1395ww(d)(5)(F)(vi)(I) (emphasis added).  As the italicized language indicates, the

Medicare fraction consists solely of days for patients who were "entitled to benefits under part

A" of Medicare.  The denominator includes all part A days, whereas the numerator includes only

11

those part A days for patients who are also entitled to supplemental security income ("SSI") benefits under Title XVI. The Medicare fraction is computed for each federal fiscal year by CMS, and must be used to compute a hospital's DSH payment adjustment for the cost reporting period beginning in the federal fiscal year. 42 C.F.R. § 412.106(b)(2)-(3).

**B.    Regulatory History of the Inclusion of Medicare Advantage Days in DSH Calculation[1]**

13.    In addition to the original fee-for-service program under Medicare parts A and B, the Medicare program provides beneficiaries the option to receive services from managed care entities. *See generally* 42 U.S.C. § 1395mm. This program, originally known as Medicare+Choice, was renamed Medicare Advantage ("MA") in 2003.

14.    The statute provides for "payment to an eligible organization under this section for individuals enrolled under this section with the organization and entitled to benefits under part A of this subchapter and enrolled under part B of this subchapter . . ." 42 U.S.C. §1395mm(a)(5). Inpatient hospital days for Medicare beneficiaries enrolled in health maintenance organizations ("HMO"s) and competitive medical plans ("CMP"s) prior to 1999 are referred to as Medicare HMO patient care days. In the September 4, 1990 Federal Register, the Secretary of Health and Human Services stated that:

> Based on the language of section 1886(d)(5)(F)(vi) of the Act [42 U.S.C. § 1395wvv(d)(5)(F)(vi)], which states that the disproportionate share adjustment computation should include "patients who were entitled to benefits under Part A," we believe it is appropriate to include the days associated with Medicare patients who

---

[1] See http://www.medicare.gov/glossary/m.html. (A Medicare Advantage Plan is a type of Medicare health plan offered by a private company that contracts with Medicare to provide beneficiaries with all Part A and Part B benefits. Medicare Advantage Plans include Health Maintenance Organizations, Preferred Provider Organizations, Private Fee-for-Service Plans, Special Needs Plans, and Medicare Medical Savings Account Plans. If a beneficiary is enrolled in a Medicare Advantage Plan, Medicare services are covered through the plan and are not paid for under Original Medicare. Most Medicare Advantage Plans offer prescription drug coverage.) (last visited August 4, 2014).

> receive care at a qualified HMO. Prior to December 1, 1987, we were not able to isolate the days of care associated with Medicare patients in HMOs, and therefore, were unable to fold this number into the calculation [of the DSH adjustment]. However, as of December 1, 1987, a field was included on the Medicare Provider Analysis and Review (MEDPAR) file that allows us to isolate those HMO days that were associated with Medicare patients. *Therefore, since that time we have been including HMO days in the SSI/Medicare percentage [of the DSH adjustment].*

55 Fed. Reg. 35,990, 39,994 (September 4, 1990) (emphasis added).  The same provision establishes that at that time, Medicare Part A paid for HMO services, and patients continued to be eligible for Part A.

## C.    Medicare Part C

15.    With the creation of Medicare Part C in 1997, Medicare beneficiaries who opted for managed care coverage under Medicare Part C were no longer entitled to have payment made for their care under Part A. Consistent with the statutory change, CMS did not include Medicare Part C days in the SSI ratios used by the intermediaries to calculate DSH payments for the FY 2001-2004.[2]  The result of this policy would have placed MA Days in the Medicaid Fraction in the count of total hospital days or in the count of Medicaid eligible days in the event the MA enrollee was also eligible for Medicaid.  However, in response to confusion from providers concerning the placement of MA Days within the DSH calculation, the Secretary proposed to clarify her policy regarding MA Days in the FFY 2004 Inpatient PPS Proposed Rule:

> Therefore, we are proposing to clarify that once a beneficiary elects Medicare Part C, those patient days attributable to the beneficiary should not be included in the Medicare fraction of the DSH patient percentage. These patient days should be included in the count of total patient days in the Medicaid fraction (the denominator), and the patient's days for the M+C beneficiary who is also eligible for Medicaid would be included in the numerator of the Medicaid fraction.

---

[2] 69 Fed. Reg. 48,918, 49,099 (August 11, 2004).

68 Fed. Reg. 27154, 27208 (May 19, 2003). Also of note, the Secretary did not note a "major" financial impact associated with this proposal. 68 Fed. Reg. at 27416. This proposal was not finalized in the FFY 2004 Final Rule.

16.     In the FFY 2005 Inpatient PPS Final Rule, the Secretary made a complete about-face and decided MA days should be counted in the Medicare Fraction for DSH because "they are still, in some sense, entitled to benefits under Medicare Part A." 69 Fed. Reg. 48916, 49099 (Aug. 11, 2004). This policy was incorporated into the DSH regulation at 42 C.F.R. § 412.106(b)(2) without any opportunity for hospitals to comment on the change of position.

17.     The effect of this regulatory change was negative for most hospitals. Many MA patients are not also receiving SSI and/or Medicaid. The 2004 change added many days to the denominator of the Medicare Fraction, which is total Medicare Part A days, and did not add very many days to the numerator, which is SSI Days. This had the effect of reducing the SSI percentage that results from the Medicare fraction. Under CMS's prior policy, the MA patient days were mostly counted in the denominator of the Medicaid Fraction, which is total hospital inpatient days and in the numerator if they were also Medicaid. This did not have the negative effect that the FFY 2005 rulemaking had on most hospitals' DSH reimbursement.

18.     Although the change in policy regarding 42 C.F.R. § 412.106(b)(2)(B) was included in the August 11, 2004 Federal Register, no change to the regulatory language was published for three years until the FFY 2008 Inpatient PPS Final Rule. In that publication, the Secretary stated that no regulatory change had in fact occurred and announced that she had made "technical corrections" to the regulatory language consistent with the change announced in the FFY 2005 Final Rule. As a result, MA days were required to be included in the Medicare fraction

as of October 1, 2004.   In the Federal Register notice for the FFY 2008 Final Rule, the Secretary

made the following comments:

> In the FY 2005 IPPS final rule (69 Fed. Reg. 49,099), we discussed in the
> preamble our policy change to reflect the inclusion of the days associated with
> Medicare+Choice (now Medicare Advantage) beneficiaries under Medicare Part
> C in the Medicare fraction of the DSH calculation. In that rule, we indicated that
> we were revising the regulation text at [42 C.F.R.] § 412.106(b)(2)(i) to
> incorporate this policy. However, we inadvertently did not make a change in the
> regulation text to conform to the preamble language. We also inadvertently did
> not propose to change § 412.106(b)(2)(iii) in the FY 2005 final rule, although we
> intended to do so. Section 412.106(b)(2)(i) of the regulations discusses the
> numerator of the Medicare fraction of the Medicare disproportionate patient
> percentage (DPP) calculation while § 412.106(b)(2)(iii) of the regulations
> discusses the denominator of the Medicare fraction of the Medicare DPP. We
> intended to amend the regulation text with respect to both the numerator and the
> denominator of the Medicare fraction of the Medicare DPP. Therefore, in this
> final rule with comment period, we are making this technical correction to §
> 412.106(b)(2)(i) and to § 412.106(b)(2)(iii) to make them consistent with the
> preamble language of the FY 2005 IPPS final rule and to effectuate the policy
> iterated in that rule.

> With respect to the technical correction that we are making to § 412.106(b)(2)(iii),
> we note that we ordinarily publish a notice of proposed rulemaking in the Federal
> Register to provide for a period for public comment before a provision such as
> this would take effect. However, we can waive this procedure if an agency finds
> good cause that a notice and comment procedure is impracticable, unnecessary, or
> contrary to the public interest and incorporates a statement of the finding and its
> reasons in the notice issued. We find it unnecessary to undertake notice and
> comment rulemaking in this instance for the additional change to
> § 412.106(b)(2)(iii) because this notice merely provides technical corrections to
> the regulations and does not make any substantive changes to the regulations or
> our existing policy. Therefore, under 5 U.S.C. 533(b)(B), for good cause, we
> waive notice and comment procedures.

72 Fed. Reg. 47,130, 47,384 (August 22, 2007).

**D.    Medicare Appeals Processes**

19.    The Secretary contracts with private organizations (usually insurance companies)

to perform certain audit and payment functions under part A of the Medicare program.  These

15

organizations are commonly referred to as "intermediaries" or "Medicare Administrative

Contractors ("MAC")".

20.     After the close of each fiscal year, a hospital is required to file a cost report with

its designated MAC.  42 C.F.R. §§413.20, 412.24.

21.     The MAC analyzes the cost report and issues a determination, called a Notice of

Program Reimbursement or "NPR," that informs the hospital of the MAC's final determination

as to the amount of Medicare reimbursement due the hospital for the fiscal year covered by the

cost report.  *See* 42 C.F.R. §405.1803. The issuance of an NPR is a final agency decision.  *Id.*

22.     The Provider Reimbursement Review Board ("PRRB") is an administrative

tribunal appointed by the Secretary.  *See* 42 U.S.C. §1395oo(h).  Each of the appointed members

of the PRRB must be "knowledgeable in the field of payment to providers of service" under the

Medicare program.  *Id.*

23.     Pursuant to 42 U.S.C. §1395oo(a)(1)(A)(i), a  hospital may appeal to the PRRB if

the hospital is dissatisfied with a MAC's determination as to the amount of Medicare payment

due the hospital for a cost reporting period as reflected in an NPR.

24.     A hospital may take an appeal to the PRRB individually or may pursue a group

appeal of an issue that is common to two or more hospitals.  *See* 42 U.S.C. §1395oo(a) and (b);

42 C.F.R. §§ 405.1835 and 405.1837.

25.     The amount in controversy for a group appeal to the PRRB is $50,000 in the

aggregate.  *See* 42 U.S.C. §1395oo(b); 42 C.F.R. §§405.1835 and 405.1837.

26.     In 1980, Congress amended the Medicare statute to permit a hospital to obtain

expedited judicial review of a "question of law or regulations relevant to the matters in

controversy" in an appeal to the PRRB when "the Board determines … that it is without

authority to decide the question." *See* 42 U.S.C. §1395oo(f)(1); *see also* 42 C.F.R. §405.1842(a)(1).

27.    The statute provides that the PRRB decision finding that it lacks authority to decide a question of law "shall be considered a final decision and not subject to review by the Secretary" *See* 42 U.S.C. §1395oo(f)(1).  The statute also grants a hospital the right to obtain judicial review of that question of law by initiating an action in this Court within 60 days of the PRRB's determination.  *Id.*

28.    The SSI fractions for all hospitals paid under PPS for cost reporting periods beginning in federal fiscal year 2010 were published on October 17, 2012.

29.    The Plaintiff Hospitals filed timely appeals challenging the SSI fractions CMS calculated for cost the reporting period beginning in federal fiscal year 2010.  The Hospitals contend that the Secretary's determination of the SSI fractions is invalid because Part C Medicare Advantage days are days for patients who are not "entitled to benefits under [Medicare] Part A."  *See* 42 U.S.C. §1395ww(d)(5)(F)(vi)(I).

30.    The Plaintiff Hospitals filed their appeals to the PRRB within 180 days of the issuance of their NPR's.

31.    All of the Plaintiff Hospitals requested that the PRRB grant expedited judicial review of the validity of the Secretary's determination to include Part C Medicare Advantage days in their SSI fractions.

32.    The PRRB found jurisdiction and ultimately granted expedited review on this legal question for the Plaintiff Hospitals.

33.    The Plaintiff Hospitals have timely brought this action for expedited judicial review pursuant to 4 U.S.C. §1395oo(f)(1).

E.      **Allina Health Services v. Sebelius**

34.      In *Allina Health Services* the Plaintiff Hospitals contested the application of the 2004 rulemaking to cost reporting periods after October 1, 2004 arguing that the reversal in the Secretary's policy did not meet notice and comment requirements and was not the product of reason decision making because the agency failed to acknowledge and explain its change from prior policy.

35.      This Court ruled in favor of the Plaintiff Hospitals and held that the portion of the 2004 final rule that announced the Secretary's interpretation of Medicare disproportionate share hospital fraction as codified in 2007, 42 C.F.R. § 412.106(b)(2) and as further modified in 2010 would be vacated and the case was remanded to the Secretary for action consistent with the Court's opinion.  *Allina Health Services*, 904 F.Supp.2d at 95.

36.      During the appeal of this Court's decision, the Secretary engaged in a new notice and comment rulemaking on the treatment of Part C days in which she "proposed to readopt the policy of counting the Part C days in the Medicare fraction."  78 Fed.Reg. 50,496, 50,615 (August 19, 2013).  The Secretary further stated the view that rulemaking was unnecessary despite the *Allina* decision, but that she was engaging in the new rulemaking "in an abundance of caution."  *Id.*  This 2013 notice and comment rulemaking was the first opportunity provided by the Secretary for meaningful comments on the policy of including Medicare Part C days in the Medicare fraction in computing the disproportionate patient percentage for DSH payments.

37.      The district court's vacatur of the 2004 change in policy had the effect of restoring the previous policy of excluding Part C days from the Medicare fraction and including Part C days in the Medicaid fraction where appropriate until the policy was changed by valid notice and comment rulemaking.  The Secretary appealed.

18

38.     The District of Columbia Circuit Court issued its decision on April 1, 2014.  In its decision, the D.C. Circuit agreed with the district court that the Secretary's final rule was not a logical outgrowth of the proposed rule.  746 F.3d at 1109.  The appellate court, however, reversed that part of the court order requiring the Secretary to recalculate the Hospitals' reimbursements without using the interpretations set forth in the 2004 final rule on the conclusion that the district court should have simply remanded the case after identifying the Secretary's error.  The time for appeal of the D.C. Circuit's ruling expired on June 30, 2014.

39.     Subsequent to the district court's ruling in *Allina*, the Secretary applied the court's vacatur, but only for the nine Plaintiff Hospitals in *Allina* and only for the years that were appealed in the case.  The *Allina* holding was not applied for hospitals that were not plaintiffs in the *Allina* case.

40.     Subsequent to the forgoing judicial determinations, the D.C. Circuit Court, in *Allina Health Services v. Price*, 863 F.3d 937 (D.C. Cir 2017) (Allina II) issued a ruling stating that the 2013 rule, following notice and comment, is prospective only and applies to Medicare fractions calculated for fiscal year 2014 and beyond.  "In sum HHS has no promulgated rule governing the interpretation of 'entitled to benefits under Part A' for the fiscal years before 2014."

41.     Moreover, the Court in *Allina II* specifically determined that any change in the reimbursement adjustment formula without providing the public with notice and opportunity for comments violates the notice and comment provisions of the Medicare Act.

**V.**
**The Secretary's Conduct was Arbitrary, Capricious,**
**an Abuse of Discretion and Not in Accordance with Law**

42.     The Medicare statute provides for judicial review of final actions by the Secretary

pursuant to the Administrative Procedure Act ("APA") 42 U.S.C. §1395oo(f)(1).

43.     The applicable provision of the APA provides that the reviewing court shall hold

unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious,

and abuse of discretion, or otherwise not in accordance with law.  5 U.S.C. §706(2)(A).

44.     The Secretary's interpretation to include Medicare Part C days in the Medicare

Fraction for purposes of the DSH calculation for periods prior to October 1, 2013 is invalid

because the Allina Court's vacatur of the 2004 rule adopting a policy change had the effect of

reinstating the prior policy until it is changed by rulemaking that could be applied to the years

prior to that date.  No rulemaking with respect to the years preceding October 1, 2013, has

occurred.  The Secretary has only engaged in rulemaking applicable on a prospective basis from

the 2014 rule.  She has engaged in no rulemaking for the period from the vacated 2004

rulemaking through fiscal year 2013.

45.     The inclusion of Part C days in the Medicare Fraction is invalid because the

Medicare Act specifies that where a final rule is not a logical outgrowth of a previously

published notice of proposed rulemaking, the final rule should be treated as a proposed

regulation.  42 U.S.C. §1395hh(a)(4).  With regard to the Plaintiff Hospitals in this case, the

Secretary has continued to treat the 2004 rule as a valid finalized rule.

46.     The Medicare Act provides that no rule that establishes or changes a substantive

legal standard governing the payment of providers for services shall take effect unless it is

promulgated by the Secretary by regulation.  42 U.S.C. §1395hh(a)(2).  The Secretary's inclusion

of the Part C days in the Medicare Fraction changes a substantive legal standard governing payment for services within the meaning of the statute. The Secretary's conduct therefore violates the Medicare Act's requirement of notice and comment rulemaking to change policy regarding the treatment of Part C days.

47.     In addition, because the now reinstated pre-2004 regulation requires that Part C days must be excluded from the Medicare Fraction and included in the Medicaid Fraction, the agency is barred by the APA from altering that policy without going through notice and comment rulemaking. 5 U.S.C. §551(5).

## VI.
## Prayer for Relief

WHEREFORE, the Plaintiff Hospitals respectfully request that this Court issue judgment in their favor and against the Defendant and issue the following relief:

A.     An order declaring invalid and barring the Secretary from applying any policy of, including Part C Days, in the Medicare Fraction for purposes of calculating Medicare DSH payments  for periods prior to October 1, 2013;

B.     An order directing the Secretary to include the Part C Days in the Medicaid Fraction for periods prior to October 1, 2013, in accordance with the Secretary's pre-2004 policy;

C.     An order directing the Secretary to calculate the Plaintiff Hospitals' DSH payments consistent with the Court's order and to make payment of any additional amounts due the Plaintiff Hospitals, plus interest, calculated in accordance with 42 U.S.C. §1395oo(f)(2); and

D.     Providing such other relief as the Court may consider appropriate.

Respectfully submitted,

HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.


By: ____ /s/ N. Kent Smith _____
     N. Kent Smith, Attorney No. IN177749
     500 North Meridian Street, Suite 400
     Indianapolis, IN  46204-1293
     Ph:  (317) 633-4884
     Fax: (317) 633-4878
     Email:  ksmith@hallrender.com
     *Attorneys for Plaintiffs*

4827-5632-3928v1