UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALBERT EINSTEIN )
HEALTHCARE NETWORK, *et al.*, )
 )
        Plaintiff, )
 )
v. ) Civil Action No. 17-1134 (ABJ)
 )
ALEX M. AZAR, II, )
*Secretary, United States Department* )
*of Health and Human Services*, )
 )
        Defendant. )
_____)

## ORDER

The Secretary of the Department of Health and Human Services ("HHS") has filed a motion to consolidate *Albert Einstein Healthcare Network v. Azar*, 17-cv-1134 (ABJ), pending before this Court, with dozens of other cases pending in this district challenging how the Secretary has been calculating a particular Medicare payment to hospitals for services they provide to low income patients. Mot. to Consolidate [Dkt. # 25] ("Mot."); Notice of Supplementation of Ex. A to Mot. [Dkt. # 37] ("Notice of Suppl.").[1] Some plaintiffs have filed oppositions to the motion,

---

1     The motion seeks to consolidate the following cases.
    1.    *Florida Health Sciences Ctr. v. Azar*, 17-cv-1751 (RC)
    2.    *Baptist Mem'l Hosp. v. Azar*, 17-cv-1968 (EGS)
    3.    *Menifee Valley Med. Ctr. v. Azar*, 17-cv-2029 (EGS)
    4.    *Advocate Christ Hospital v. Azar*, 17-cv-2321 (RC)
    5.    *Albany Medical Center Hospital v. Azar*, 17-cv-2668 (JDB)
    6.    *Adventist Bolingbrook Hospital v. Azar*, 17-cv-2683 (BAH)
    7.    *Anderson Hospital v. Azar*, 17-cv-2749 (RC)
    8–22.  *St. Agnes Medical Center v. Azar*, 18-cv-222 (CRC) (with its consolidated cases)
    23.   *Atrium Medical Center v. Azar*, 18-cv-266 (RC)
    24.   *Alhambra Hospital and Medical Center v. Azar*, 18-cv-590 (BAH)
    25.   *Shannon Med. Center v. Azar*, 18-cv-799 (DLF)
    26.   *Alta Los Angeles Hospitals, Inc. v. Azar*, 18-cv-934 (RJL)

27. *Alamance Regional Medical Center v. Azar*, 18-cv-936 (JDB)
28. *Alliance Community Hospital v. Azar*, 18-cv-972 (DLF)
29. *Covenant Medical Center v. Azar*, 18-cv-1330 (BAH)
30. *Arizona Regional Medical Center v. Azar*, 18-cv-1367 (BAH)
31. *E.A. Conway Medical Center v. Azar*, 18-cv-1415 (DLF)
32. *AHS Cushing Hospital v. Azar*, 18-cv-1454 (DLF)
33. *Edward W. Sparrow Hospital v. Azar*, 18-cv-1689 (RMC)
34. *Yale-New Haven Hospital v. Azar*, 18-cv-1718 (ESH)
35. *Affinity Hospital v. Azar*, 18-cv-1956 (APM)
36. *Atrium Medical Center v. Azar*, 18-cv-1993 (RC)
37. *Jefferson Parish Hospital Service District No. 2 v. Azar*, 18-cv-2039 (DLF)
38. *Affinity Hospital v. Azar*, 18-cv-2110 (APM)
39. *Aiken Regional Medical Centers v. Azar*, 18-cv-2173 (RCL)
40. *Bon Secours DePaul Medical Center v. Azar*, 18-cv-2285 (JEB)
41. *Brooks Memorial Hospital v. Azar*, 18-cv-2705 (JDB)
42. *Methodist Healthcare-Memphis Hospitals v. Azar*, 18-cv-2801 (RC)
43. *Long Beach Memorial Medical Center v. Azar*, 18-cv-3040 (APM)
44. *Atrium Medical Center v. Azar*, 19-cv-410 (RC)
45. *Lehigh Regional Medical Center v. Azar*, 19-cv-1014 (BAH)
46. *Flower Hospital v. Azar*, 19-cv-1046 (BAH)
47. *Hollywood Presbyterian Medical Center v. Azar*, 19-cv-1038 (BAH)
48. *Shannon Medical Center v. Azar*, 19-cv-1051 (BAH)
49. *Fresno Community Hospital and Medical Center v. Azar*, 19-cv-1224 (CJN)
50. *University of North Carolina Hospitals at Chapel Hill v. Azar*, 19-cv-1356 (APM)
51. *Alvarado Hospital Medical Center v. Azar*, 19-cv-1378 (BAH)
52. *Anderson Hospital v. Azar*, 19-cv-1386 (JDB)
53. *High Point Regional Health v. Azar*, 19-cv-1432 (KBJ)
54. *SSM Good Samaritan Regional Health Center v. Azar*, 19-cv-1829 (CRC)
55. *Whittier Hospital Medical Center v. Azar*, 19-cv-1839 (CRC)
56. *MCG Medical Center v. Azar*, 19-cv-1855 (CRC)
57. *Medical Center of Mesquite v. Azar*, 19-cv-1968 (CRC)
58. *Advocate Christ Medical Center v. Azar*, 19-cv-2089 (EGS)
59. *Willis Knighton Bossier Health Center v. Azar*, 19-cv-2116 (CRC)
60. *Avoyelles Hospital v. Azar*, 19-cv-2177 (CRC)
61. *Massachusetts General Hospital v. Azar*, 19-cv-2201 (BAH)
62. *St. Joseph Hospital of Orange v. Azar*, 19-cv-2351 (ABJ)
63. *St. Francis Hospital v. Azar*, 19-cv-2411 (ABJ)
64. *The Bloomberg Hospital v. Azar*, 19-cv-2422 (CRC)
65. *The Rochester General Hospital v. Azar*, 19-cv-2432 (JDB)
66. *Berkeley Medical Center v. Azar*, 19-cv-2622 (CRC)

The Secretary filed a notice of the motion to consolidate and docketed the motion in each of the individual cases.

and others have filed oppositions and cross-motions for more limited consolidation, and they have put forth a variety of grounds for their oppositions and propose different sets of procedures to be followed after the Court has ruled. *See* E.A. Conway & Shannon Pls.' Opp. to Mot. [Dkt. # 27]; Non-Party Pls.' Opp. to Def.'s Mot. [Dkt. # 28]; Pls.' Opp. to Def.'s Mot. [Dkt. # 29]; Pls.' Partial Opp. to Def.'s Mot. and Cross-Mot. for More Limited Consolidation [Dkt. # 30]; Pls.' Opp. to Def.'s Mot. [Dkt. # 32]; Opp. to Def.'s Mot. [Dkt. # 33]. And the Secretary replied. Reply [Dkt. # 34].[2] The motion and the cross-motion for limited consolidation filed by plaintiffs in this matter are fully briefed, *see* Opp. to Pls.' Cross-Mot. for More Limited Consolidation [Dkt. # 35]; Pls.' Reply in Support of Cross-Mot. for More Limited Consolidation [Dkt. # 36], and the pending motions are ripe for decision.

The cases that are the subject of the consolidation motion all challenge the method by which the Secretary accounts for the patient days of patients enrolled in Medicare Part C in determining the amount of a Medicare payment to hospitals, known as the Disproportionate Share Hospital ("DSH") adjustment. In particular, the cases concern whether the Part C days should be accounted for in the "Medicare/SSI fraction" of the calculation.

In 2004, the agency implemented a change to the DSH calculation that included Part C days in the Medicare/SSI fraction, and it made this change without engaging in adequate notice and comment rulemaking. A lawsuit followed. *Allina Health Servs. v. Sebelius*, No. 10-cv-1463 (RMC) ("*Allina I*"). Plaintiffs complained that the 2004 rule was invalid under the Administrative Procedure Act because the agency imposed it without the legally required rulemaking procedures,

---

2   The Court granted non-party plaintiffs leave to file in this matter without an accompanying motion to intervene for the limited purpose of responding to the motion to consolidate. Min. Order Aug. 13, 2019.

3

and they also argued that accounting for Part C in the Medicare/SSI fraction violated the Medicare statute. *Allina I*, Compl. [Dkt. # 1]. The D.C. Circuit agreed that the 2004 rule was procedurally defective because the agency failed to provide adequate notice and comment rulemaking, and it affirmed the district court's opinion vacating the rule. *See Allina Health Servs. v. Sebelius*, 746 F.3d 1102, 1110–11 (D.C. Cir. 2014). The Court did not reach the merits of the question of whether the calculation violated the statute. *See id.*

Shortly after that ruling, the agency posted the DSH calculations for fiscal year 2012 on its website, applying the same approach for Part C days that was contained in the vacated 2004 rule, without engaging in any notice and comment rulemaking. Hospitals filed *Allina Health Servs. v. Burwell*, No. 14-cv-1415 (TJK) ("*Allina II*"), challenging the agency's failure to engage in rulemaking and alleging a violation of the Medicare statute. This case reached the Supreme Court, and on June 3, 2019, the Court ruled in favor of the hospitals. *Azar v. Allina Health Servs.*, 139 S. Ct. 1804 (2019). It held that the FY 2012 Medicare/SSI fractions announced by the agency changed a "substantive legal standard" governing Medicare payments and therefore implicated the Medicare statute's notice and comment rulemaking requirements. *Id.* at 1817 (rejecting the Secretary's argument that the APA's exception to rulemaking requirements for "interpretive rules" applied to this situation). In light of the Supreme Court's ruling, the district court vacated the DSH calculations for FY 2012, remanded the matter to "the Department for further proceedings consistent with the law established" by the case, and closed the case. *Allina II*, Order [Dkt. # 58].

While *Allina II* was making its way through the court system, hospitals filed *Allina Health System v. Burwell*, No. 16-cv-150 (RC) ("*Allina III*") in 2016. This case challenged the decision made by the Secretary as to how to calculate payments for FY 2007 after the D.C. Circuit vacated the 2004 rule and remanded the matter to the agency. HHS calculated the 2007 adjustment the

4

same way it did in the 2004 rule, and it did so without engaging in rulemaking. Thus, the *Allina III* case raised the same fundamental issues as *Allina II*, and it was stayed pending the outcome of that case. After the Supreme Court issued its decision in *Allina II*, the Secretary moved for voluntary remand of *Allina III*, and the district court remanded and closed the case. *Allina III*, Order [Dkt. # 34].

Meanwhile, the agency ultimately engaged in notice and comment rulemaking, and it promulgated a rule that applied a Part C days methodology effective as of October 1, 2013. Medicare Program Final Rule, 78 Fed. Reg. 50,496 (Aug. 19, 2013). Thus, the DSH adjustments being challenged as invalid in the cases at issue here are those that were calculated applying the Part C methodology before the 2013 rule took effect.

The *Allina* litigation prompted hundreds of hospitals to file cases challenging their individual DSH adjustment calculations for those fiscal years on similar grounds, pointing to the lack of proper rulemaking. Many of the cases were stayed pending the Supreme Court's decision in *Allina II*. Now that the Court has ruled, the Secretary has moved to consolidate these cases, which he has dubbed the "*Allina II*-type cases."

Federal Rule of Civil Procedure 42 authorizes courts to consolidate cases that "involve a common question of law or fact," and courts have "substantial discretion in deciding whether and to what extent to consolidate cases" under Rule 42. *Hall v. Hall*, 138 S. Ct. 1118, 1124, 1131 (2018). Courts apply a balancing test, weighing "the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated." *Nat'l Sec. Counselors v. CIA*, 322 F.R.D. 41, 43 (D.D.C. 2017).

The Secretary seeks to consolidate all of the *Allina II*-type cases with the *Albert Einstein* case pending before this Court, not with *Allina II* itself or *Allina III*. *See* Notice of Suppl. At the time the request for consolidation was made, he noted that the cases to be consolidated were in the same procedural posture, Mot. at 5, while *Allina II* and *III* were in different postures.[3] Since then, *Allina II* and *III* have been remanded to the agency and closed. *Allina II*, No. 14-cv-1415 (TJK), Order [Dkt. # 58]; *Allina III*, No. 16-cv-150 (RC), Order [Dkt. # 34]. The Secretary argues that consolidation of the remaining cases is warranted because "all these cases raise the question of whether 42 U.S.C. §1395hh(a)(2) required the Secretary to conduct notice-and-comment rulemaking before including Medicare Part C days in the SSI/Medicare fraction of the DSH calculation." Mot. at 4–5. He also argues that having one judge decide the main legal issue will conserve substantial judicial resources and allow for consistency in decisionmaking. Mot. at 5, 7.

Plaintiffs in the various cases all oppose the proposed consolidation, but they have different views on how their cases should proceed. Plaintiffs in the *Albert Einstein* case and in cases pending before other courts who are also represented by the law firm of Akin Gump Strauss Hauer & Feld LLP filed a joint opposition to the global consolidation sought by the Secretary, moving instead for a limited consolidation of the cases in which plaintiffs are represented by Akin Gump, with the exception of *Florida Health Sciences Center v. Price*, No. 17-cv-1751 (RC). *See* Pls.' Partial Opp. to Def.'s Mot. and Cross-Mot. for More Limited Consolidation [Dkt. # 30]. They point out that *Florida Health* challenges not only the pre-October 1, 2013 calculations, but also the 2013 rule, and therefore, they submit that it should proceed separately. *See id.* at 14–15.

Hospitals represented by Honigman LLP; Hall Render Killian Heath & Lyman, P.C.; and Sedley Health Law Group filed a joint opposition, contending that consolidation is premature

---

3     *See Allina III*, 16-cv-150, Def.'s Resp. to the Court's Aug. 1, 2019 Min. Order [Dkt. # 31].

because HHS has not announced its position on how *Allina II* applies to their cases. Non-Party Pls.' Opp. to Def.'s Mot. [Dkt. # 28]. They ask the Court to refrain from ruling on the consolidation motion and to stay their cases pending rulings in *Allina III* and *Florida Health* and the Secretary's disclosure of his position regarding the application of *Allina II* to their cases. *Id.* at 7, 10. Other hospitals ask that their cases be consolidated with *Allina II*, not *Albert Einstein*, Opp. to Def.'s Mot. [Dkt. # 33], while others seek to maintain the stay in their cases pending completion of *Allina II*, *Allina III*, and/or *Florida Health*. E.A. Conway & Shannon Pls.' Opp. to Mot. [Dkt. # 27]; Pls.' Opp. to Def.'s Mot. [Dkt. # 29]. At this point, however, neither *Allina II* nor *Allina III* is still pending in the district court, so consolidation with one of them is not an option, and there is no further development in either case to await.

While there is some suggestion in the briefing that some of the cases subject to consolidation may involve ancillary issues such as exhaustion of administrative remedies, there is no dispute that the cases all involve the same core legal issue. And there is also no dispute that the Supreme Court's decision in *Allina II* applies and that how the agency implements that ruling will affect them all. These common questions of law weigh in favor of consolidation, as does the fact that all the cases were stayed shortly after they were filed for the specific purpose of awaiting the Supreme Court's ruling in *Allina II*.

The Court recognizes that in some instances, consolidation can give rise to a risk of prejudice and confusion by forcing different plaintiffs to speak with one voice or requiring multiple law firms to coordinate. But a good bit of that coordination has already happened informally as there are a limited number of law firms representing large numbers of hospitals, and some of the attorneys have already teamed up to file joint submissions.

Because these cases all raise the same core issue – how the Secretary should apply the *Allina II* ruling to DSH adjustments for the fiscal years before the 2013 rule took effect – and they are all in the same procedural posture, the Court finds in its discretion that consolidation is appropriate for all of them in their entirety except for *Florida Health*. In that case, the claims that challenge DSH adjustments prior to the 2013 rule should be severed and consolidated with the rest of the cases, but the portion of the *Florida Health* action that challenges the 2013 rule should remain with the district court to which it was originally assigned.

Accordingly, with the consent of the district judges assigned to each of the individual cases, and the concurrence of the court's Calendar and Case Management Committee, the Secretary's motion to consolidate [Dkt. # 25] is hereby **GRANTED**, except as to Count II of the *Florida Health* complaint, which challenges the 2013 rule. *See Florida Health Sciences Center v. Price*, No. 17-cv-1751 (RC), Fourth Am. Compl. [Dkt. # 19]. The Clerk of Court is directed to reassign all of the other cases listed in footnote one, and Counts I and III of *Florida Health*, to this Court by consent. The Clerk of Court is also directed to create a new miscellaneous matter which will include all of the individual cases.

It is **ORDERED** that all pleadings, motions, or other papers relating to the consolidated cases shall be filed on the docket of the miscellaneous matter only and bear the following caption, reflecting the miscellaneous action number once it is assigned by the Clerk of the Court:

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: ALLINA II-TYPE DSH ADJUSTMENT CASES <br><br> LEAD CASE: *Albert Einstein Healthcare Network, et al., v. Azar*, <br><br> This Document Relates To: <br><br> ALL CASES | Misc. Action No. 19-_____ (ABJ) |

When the document being filed pertains to all cases, the phrase "ALL CASES" must appear immediately below the phrase "This Document Relates To." When the document pertains to fewer than all cases, the document should list each case to which the document relates on a separate line below the phrase "This Document Relates To."

This order shall be docketed in each of the individual cases.

Finally, the Court notes that *Allina II* and *Allina III* were remanded based upon authority holding that "[u]nder settled principles of administrative law, when a court reviewing agency action determines that an agency made an error of law, the court's inquiry is at an end: the case must be remanded for further action consistent with the corrected legal standards." *Allina II*, Order [Dkt. # 58]; *Allina III*, Order [Dkt. # 34], quoting *PPG Industries, Inc. v. United States*, 52 F.3d 363, 365 (D.C. Cir. 1995). In consideration of those principles, it is **ORDERED** that any party taking the position that a remand of the newly consolidated cases is appropriate must file any

motion for remand by November 15, 2019. Responses will be due by December 2, 2019, and any replies are due by December 9, 2019. Counsel for the plaintiffs in the consolidated matters are strongly encouraged to confer and submit a single, consolidated pleading; in the event that cannot be accomplished, any law firm representing more than one plaintiff may submit only one pleading on behalf of all of its clients. (The pleading may indicate if different plaintiffs take different views on the issue.)

**SO ORDERED.**

AMY BERMAN JACKSON
United States District Judge

DATE: November 1, 2019